UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN D. GALLOT,<br><br>    Petitioner,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Respondent. | Case No. 16-cv-06154-SI<br><br>**ORDER OF DISMISSAL** |

    Glenn Daniel Gallot filed this action seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court reviewed the petition and dismissed it with leave to amend. The court explained that the "petition has three fundamental problems: the petition does not clearly identify the decision being challenged, does not show that Gallot is in custody as a result of that decision, and does not adequately describe his claims." Docket No. 6 at 1. The court explained those problems in more detail and ordered Gallot to file an amended petition curing the deficiencies addressed in the order. *See id.* at 2-3.

    Gallot thereafter filed several documents, one of which appears to be his effort at an amended petition. *See* Docket No. 8. In that document, Gallot states that he is challenging a conservatorship from an unknown date but then describes problems with the criminal proceedings pending against him in San Francisco County Superior Court. Gallot alleges that he was sent to Metropolitan State Hospital on July 7, 2016 "for a competency test" to determine whether he could represent himself. *Id.* at 1. He further alleges that he "proved [he] was competent in 2014" and is now being denied a speedy trial and being deprived of his right to represent himself in the criminal case(s) pending against him. *Id.* He attaches to the filing a 2-page "booking card" that

(when read in combination with the text of his letter) indicates that he was returned from the Metropolitan State Hospital to the San Francisco County Jail on December 14, 2016, pursuant to court order, to face trial on several charges pending since 2014.  The charges pending against him from 2014 are listed as: making criminal threats, false imprisonment, battery, and assault with force likely to commit great bodily injury.  Docket No. 8 at 3-4.

Among the other documents Gallot sent to the court is a January 17, 2017 letter from attorney Christopher Dove to Gallot that provides some additional information about Gallot's situation.  Attorney Dove wrote that Gallot had been sent back to San Francisco County Superior Court from the Department of State Hospitals ("DSH") with a report stating the DSH believed Gallot to be unable to become competent to stand trial and asking the court to evaluate Gallot for a conservatorship.  Docket No. 12.  A hearing date was set for January 23, 2017 for the status of the conservatorship proceedings.  *Id.*

It thus appears that Gallot is in custody as a pretrial detainee on the criminal charges.  It is possible that he might in the future be subjected to a conservatorship, but he does not now appear to be in custody pursuant to a conservatorship.

This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced.  *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Application of Floyd*, 413 F. Supp. 574, 576 (D. Nev. 1976).  But principles of comity and federalism require that a federal district court abstain and not entertain a pretrial habeas challenge unless the petitioner shows that:  (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention.  *Carden v. Montana*, 626 F.2d 82, 83–84 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43–54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).  Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.  *Carden*, 626 F.2d at 84 (citing *Perez v. Ledesma*, 401

U.S. 82, 85 (1971)).

Gallot makes no such showing of "special circumstances" warranting federal intervention in the ongoing state criminal proceedings. *See id.* The petition for writ of habeas corpus accordingly is DISMISSED. This dismissal is without prejudice to Gallot filing a new petition for writ of habeas corpus if he is ever convicted, but he should not file such a petition until after the state criminal proceedings, including appeal, are completed.

If the San Francisco County Superior Court ever orders Gallot to be put under a conservatorship and puts him in custody as a result of that order, he may file a new petition for writ of habeas corpus to challenge the conservatorship decision after he exhausts state court remedies for such a petition.

Gallot has complained about the conditions of confinement at Metropolitan State Hospital and the San Francisco County Jail in several of his letters. A federal habeas action is not the correct vehicle to assert claims about the conditions of one's confinement. If Gallot wishes to complain that his conditions of confinement violate his federal constitutional rights, he should file a civil rights complaint.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: February 16, 2017

_____
SUSAN ILLSTON
United States District Judge